IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANK BRETT, )
)
Plaintiff, )
)
v. ) Civ. Action No. 11-780-GMS
)
FED EX OFFICE AND EMPLOYEES, )
et al., )
)
Defendants. )

**MEMORANDUM**

The plaintiff, Frank Brett ("Brett"), filed this lawsuit alleging violations of his civil rights. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 10.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

Brett, who resides in Philadelphia, Pennsylvania, alleges that his civil rights were violated when employees of the defendant Fed. Ex. Office ("Fed. Ex.") slandered him. The employees are located in Pennsylvania and Delaware. Brett amended his complaint to allege that the defendant Seasons Pizza ("Seasons Pizza") discriminated against him when he inquired about employment and was told that he could fill out an application for future vacancies. Brett chose not to complete an application. He further alleges that discrimination occurred when telephone calls were made by individuals in the restaurant.

The original complaint states that this court has jurisdiction by reason of a federal question and that Brett was discriminated against on the basis of sex. The original complaint,

however, only alleged slander. The amended complaint alleges discrimination. No relief is sought.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Brett proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6)

2

standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Brett leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Brett has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Brett's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Discrimination

Plaintiff alleges discrimination occurred when he entered Seasons Pizza, inquired about employment, was told to fill out an application, but decided against it. Initially, the court notes that the complaint does not meet the pleading requirements of *Iqbal* and *Twombly*. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). The conclusory allegations do not support an entitlement to a claim for relief. of constitutional violations.

To the extent that Brett raises a Title VII claim for discrimination, the allegations fall short. Title VII makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex, . . . ." 42 U.S.C. § 2000e-2(a)(1). It is evident in reading the complaint that Brett has pled no facts that would support adverse employment actions based on his sex. For example, the complaint fails to adequately allege that Brett: (1) is a member of a protected class; (2) sought and was qualified for a job for which the employer was seeking applicants; (3) that despite his qualifications, he was rejected; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar

to Brett's to fill the position. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Sarullo v. United States Postal Serv.*, 352 F.3d 789 (3d Cir. 2003); *accord Iyer v. Everson*, 238 F. App'x 834 (3d Cir. 2007) (not published). Indeed, it is clear from the allegations that Brett chose not to complete an application form. Nor are there any allegations that Brett was qualified for any position for which Seasons Pizza was seeking applicants.

For the above reasons, the court finds that the claims against Seasons Pizza are frivolous. Accordingly, the court will dismiss the claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B. Diversity and Supplemental State Claims**

The remaining slander claims lie under either Delaware or Pennsylvania State law. Brett indicates that this court has jurisdiction by reason of a federal question and does not refer to diversity jurisdiction. Inasmuch as the federal question is frivolous, federal jurisdiction cannot lie. To the extent that Brett relies upon it, there is not complete diversity of the parties.

"Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). Pursuant to § 1332(a), district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. 28 U.S.C. § 1332(a). A corporation is deemed to be a citizen of any state which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); *see also Carolina Cas. Ins. Co., v. Insurance Co. of N. Am.*, 595 F.2d 128, 130 n.1 (3d Cir. 1979).

Here, the complaint alleges that Brett is a citizen of the State of Pennsylvania, as are Shy, Horton, and Erica. The parties are not diverse and, therefore, this court does not have

jurisdiction over Brett's remaining claims against Fed. Ex. and its employees. Finally, because the federal question claims are frivolous, the court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

Based upon the foregoing, the court will dismiss the complaint for want of jurisdiction.

## IV. CONCLUSION

For the above reasons, the court will deny as moot Brett's motions to seal. (D.I. 2, 9.) The court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The court declines to exercise supplemental jurisdiction. Amendment of the claim would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

\_\_Jan 6\_\_, 2012
Wilmington, Delaware

6